[No. 16783.  Department One.  January 26, 1922.]

MENTZER BROTHERS LUMBER COMPANY, *Respondent*, v.
C. E. RUSSELL, *Doing Business as Russell
Mill Company, Appellant.*[1]

APPEAL (418)—REVIEW—FINDINGS.  A finding by the trial court based on conflicting evidence with respect to the scale of logs sold by plaintiff to defendant will not be disturbed on appeal.

Appeal from a judgment of the superior court for Thurston county, Wright, J., entered May 2, 1921, in favor of the plaintiff, in an action on contract, tried to the court.  Affirmed.

*P. C. Kibbe,* for appellant.

*T. F. Mentzer* and *Troy & Sturdevant,* for respondent.

TOLMAN, J.—Respondent, as plaintiff, sued to recover the value of cedar logs shipped to appellant during the month of September, 1920, at the agreed price of $20 per thousand, f. o. b. Tenino, alleging that it so delivered 157,194 feet of logs, of the value of $3,143.88. Appellant denied that more than 123,991 feet of logs were delivered, and tendered payment for that amount. The only controversy in the case is over the scale of the logs.  From a judgment against him for the full amount demanded, appellant appeals.

Respondent procured the logging and loading to be done by contractors, who were paid for their work at an agreed price per thousand, and for the purpose of determining the amount earned by the contractors, they agreed with respondent upon a disinterested scaler, whose scale should be binding upon both.  Re-

[1]Reported in 203 Pac. 737.

spondent, in billing the logs to appellant, used this same scale and bases this action thereon.

The only direct evidence as to the amount of logs delivered to appellant is based upon the testimony of this scaler, upon the one hand, and the evidence of appellant, who testified to a scale made by himself as the cars arrived at his mill, upon the other. There was considerable indirect testimony upon both sides. Appellant, by a large number of employees, showed the logs to have been of poor quality, though it is admitted upon both sides that the quality of the logs is largely immaterial if they were properly scaled, allowing for defects and imperfections. Appellant also produced some testimony to the effect that good cedar should cut 10,000 shingles to each 1,000 feet of logs, and that fair or medium cedar should cut 8,000 to 9,000 shingles. He offered the tally cards of his mill showing that the logs in question cut but 6,600 clear shingles per 1,000 feet according to respondent's scale, and 8,600 according to his own scale, but no account is made of clear shingles less than twelve inches in width, and culls, some of each of which, it is admitted, were cut.

Could we say that the witnesses, testifying directly to the scale of the logs, exactly offset each other, then we might hold that the evidence preponderates against the finding of the trial court, but this we cannot do. The trial court had the advantage of seeing both of these witnesses and hearing them testify, and from the impression thus gained concerning the disinterestedness of one and the interest of the other, and still bearing in mind all the surrounding circumstances shown by the indirect evidence, the court was evidently convinced that respondent's scaler had made a fair and impartial scale of the logs in question, allowing with reasonable judgment for the defects and poor quality

thereof, and we, lacking the trial court's opportunity of seeing and hearing the witnesses, cannot say that the conclusion reached was wrong.

Appellant made no formal assignments of error, but as we gather his points from the brief and argument, we are convinced that the trial court committed no reversible error, and the judgment appealed from is therefore affirmed.

PARKER, C. J., FULLERTON, MITCHELL, and BRIDGES, JJ., concur.